GEORGE SCHILLING, PLAINTIFF IN ERROR,

*v.*

THE TERRITORY OF WASHINGTON, DEFENDANT IN ERROR.

The case of *Rosencrantz* v. *Territory*, relating to the constitution of the Grand Jury, *affirmed.*

The venue of a crime is sufficiently set forth as being in King County, by charging the same to have been committed in the city of Seattle; the Court taking judicial notice of the fact that such city is in that county.

The charge of keeping a gambling house, by employing the language of the statute, is a sufficient description of the crime.

ERROR, to Third Judicial District, holding terms at Seattle.

In addition to the question presented in *Rosencrantz* v. *Terri-
tory, infra,* respecting the qualifications of married women to
serve as grand jurors, the indictment in this case charged the
keeping of a gambling house within the corporate limits of the
city of Seattle ; but did not aver any county as the venue of the
crime, nor the particular kind of gambling complained of.

*Struve, Haines & McMicken,* for Plaintiff in error.

No county is mentioned in the indictment, except in the cap-
tion, which reads thus : " George Schilling is accused by the
Grand Jury of the Territory of Washington, in and for the
counties of King and Kitsap," etc.  ·

The indictment, therefore, as it does not allege in which of
the two counties the offense was committed, is void for uncer-
tainty.  (Code of Washington, Sec. 1005 ; Archibold's Crim-
inal Practice and Pleadings, 262, and note, and cases cited ;
*State* v. *McCracken,* 20 Mo. 411 ; Chitty's Criminal Law, 196,
and note, 100.)

The crime must be alleged to have been committed within
the jurisdiction of the Court.  (Code of Washington, Sec. 1014 ;
34 Texas, 39.)

There is no allegation in the indictment that the gambling al-
leged to have been carried on in the house alleged to have
been kept by plaintiff in error was any species of gambling
prohibited by law.  (Code of Washington, Secs. 1247, 1253,
914 ; *Ex parte Ah Yem,* 53 Cal. 246 ; *John Wallace* v. *The
State,* 12 Texas Court of Appeals, 479.)

Gambling was not an indictable offense at common law.
(Bishop on Criminal Law, 4th ed., Vol. 1, Sec. 949, and cases
cited.)

*C. M. Bradshaw,* for Defendant in erorr.

The Court will take notice of the laws by which Seattle, as
an incorporated city, is the county seat of King County, and
the place where by statute the Court is held.  " The Courts
take notice of the local divisions of their country, as into
States, provinces, counties, cities, towns, or the like, so far as
political government is concerned or affected ; and of the *rela-*

*tive positions* of such local divisions." (1 Greenleaf on Evidence, Sec. 6.)

Further, the crime is charged in the language of the statute creating and defining it ; that is enough. (*People* v. *Savters*, 14 Cal. 29.)

Opinion by HOYT, Associate Justice.

The main question in this case is decided by the case of *Rosencrantz* v. *The Territory* ; and so far as the question of the constitution of the Grand Jury is concerned, we refer to the discussion therein.

But in addition to the questions thus raised, the record in this case presents the question of the sufficiency of the indictment, which is objected to on two grounds :

1st. That it does not sufficiently state the county in which the offense was committed ; and

2d. That it does not state facts sufficient to constitute a crime or misdemeanor.

As to the first point, it is sufficient to say that the crime having been charged to have been committed in the city of Seattle, which is a city duly incorporated under the laws of this Territory, the Court would take judicial notice that the said city was situated in the county of King, and the indictment thus aided was sufficient in this regard.

The said defendant was in said indictment charged with having kept and maintained a gambling house, and it is objected that this was insufficient, in that it did not state what kind of gambling was carried on in said house ; but we are of the opinion that the Legislature intended to prohibit the keeping of a house for any gambling purpose ; and even if this is not so, yet the offense was charged in the language of the statute, and is sufficient to put the defendant upon his defense.

No error appearing in the record, the judgment and sentence must be affirmed ; and it is so ordered.

I concur: S. C. WINGARD, Associate Justice.